IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUDY KAY ZIMMERMAN ESTATE;
zimmerman judy kay, acting executor;
injured third-party intervenor,

                                           OPINION and ORDER

              Plaintiff,

                                          14-cv-375-jdp

      v.

JUDY K ZIMMERMAN TRUST;

              Defendant/Third-Party Plaintiff;

      v.

DEANNE M. KOLL, registered agent;
MICHAEL J. FAIRCHILD, registered agent;
ROD W. SMELTZER, registered agent;
JOHN DOES 1-100, registered agent(s)

              Third-Party Defendants.

---

Plaintiff Judy Kay Zimmerman, appearing pro se, has initiated this proceeding by filing a document titled "Claim in Recoupment for Recontinuance Postliminy in the Nature of 28 USC §1916 Seamen's Suit for Relief," which I understand to be a civil complaint. Zimmerman has neither submitted a filing fee for this action nor filed a motion for leave to proceed *in forma pauperis*. Usually when this occurs, the court will give the plaintiff a short deadline to either submit the filing fee or a motion for leave to proceed *in forma pauperis* along with an affidavit detailing her finances. It is unnecessary to do so in this instance because I conclude that the case should be dismissed as frivolous.

1

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, "[d]istrict judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Although her complaint is difficult to understand, Zimmerman states that she wishes to "re-open/re-instate" a state court case, Dunn County case no. 12-cv-202. From Zimmerman's submissions and the State of Wisconsin electronic court records,[1] I understand the state case to be a mortgage foreclosure action in which judgment was entered against Zimmerman, a defendant in the state court case, along with Kenneth S. Parejko, who appears to be Zimmerman's ex-husband. The three named "third-party defendants" in this suit participated in the state court proceeding; Rod W. Smeltzer was the judge who presided over the case, Deanne M. Koll was the attorney for plaintiff Dairy State Bank, and Michael J. Fairchild was the attorney for Parejko. In her complaint, Zimmerman alleges that the defendants "acted jointly and severally to record a 'Transfer Return' with the Wisconsin Department of Revenue transferring [her] interest in the property."

It is obvious that Zimmerman misses the mark in describing the various legal theories under which she purports to bring this action. Zimmerman references "Seamen's suits" under 28 U.S.C. § 1916, the Foreign Agents Registration Act, the Uniform Commercial Code, 12 U.S.C. § 95a (the "Trading with the Enemy Act"), and the court's admiralty jurisdiction, but I cannot conceive how any of these doctrines could apply to a federal case regarding defendants' actions in the state court foreclosure proceedings. On the other hand, the law

---

[1] Available at www.wcca.wicourts.gov.

2

does not require a plaintiff to plead particular legal theories, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), and does not require the court to proceed with the case on only the theories identified by a pro se plaintiff. *Id*. ("particularly since he filed his complaint pro se, he should not be held to the . . . incorrect theor[ies] he did name."). Unfortunately for Zimmerman, even to the extent that her barely intelligible allegations could be stretched in an attempt to state federal claims for violations of her rights under 42 U.S.C. § 1983, any claim for damages against Smeltzer is barred by absolute judicial immunity, *Mireles v. Waco*, 502 U.S. 9, 11 (1991), and there is no reason to think that private attorneys Koll or Fairchild were acting "under color of law," which is necessary to sustain a § 1983 claim.

If Zimmerman's goal is to "reopen" the state court proceedings, she is barred from challenging the adverse judgment by the *Rooker-Feldman* doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area School District*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). The doctrine "is based upon recognition of the fact that inferior federal courts generally do not have the power to exercise appellate review over state court decisions." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If Zimmerman believes that the state court did not act properly, her recourse is in the state appellate system, not in the federal district court, which has no authority to overturn a judgment issued by the state court in the Dunn County proceedings.

**ORDER**

IT IS ORDERED that this case is DISMISSED. The clerk of court is directed to enter judgment accordingly.

Entered this 26th day of June, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge